MRS. W. S. INGRAM, Widow of W. S. INGRAM, v. W. F. INGRAM, Executor of the Last Will and Testament of W. S. INGRAM, Deceased, in His Representative Capacity, and W. F. INGRAM, Personally; and UNITED STATES FIDELITY AND GUARANTY COMPANY.

(Filed 1 November, 1935.)

1. **Wills F d—Where devisee makes election after knowledge that testator had deeded away part of property, devisee is bound by his election.**

    Testator devised certain realty to defendant, whom he also named executor of his will. Testator devised his home place to his wife for life, and directed that defendant pay her a stipulated sum yearly for her support during her life and that at her death the home place be sold and the defendant be reimbursed for the advancements out of the purchase price. Prior to his death, testator executed a deed to part of the home tract to a third person, and the deed was registered after his death. Defendant had no knowledge of the deed at the time of issuance of letters testamentary, but later acquired knowledge of the deed, and thereafter paid testator's wife the annuity for several years in accordance with the provisions of the will. Thereafter defendant refused to make further payments, contending that by reason of the fact that part of the home place had been deeded away, the balance left would not bring sufficient money upon sale to reimburse him for further payments, and that it would be inequitable to force him to continue paying the annuity. *Held:* Defendant, by paying the annuity for several years with knowledge of all the facts, made his election, and is bound thereby, and is not entitled to be relieved of further payments, a devisee making his election being bound thereby even though it turns out that the burden is greater than the benefit.

**2. Limitation of Actions B a—Held: Cause of action for annuity accrued date annuity was due and not date of notification of intention not to pay.**

Defendant devisee, under the terms of a will in which he was also named executor, elected to pay plaintiff an annuity. Defendant paid the annuity for several years, and thereafter notified plaintiff that he would not make further payments. *Held:* Plaintiff's cause of action to recover the annuities accrued on the date the first annuity that was not paid became due, and not the date of defendant's notification he would not pay same, and, the present action having been instituted within three years from the date the first annuity that was not paid became due, defendant's plea of the statute of limitations is unavailing.

**3. Wills F e—Due date of annuities should be computed from date one year after probate of will and qualification of executor.**

Defendant devisee, under the terms of a will in which he was also named executor, elected to pay plaintiff an annuity as stipulated in the will. Defendant paid the annuity for several years and then refused to make further payments. *Held:* The first annuity was due and payable one year after the date of the probate of the will and defendant's qualification as executor, and the annuity for each succeeding year was due and payable on the same date of the following year, and in plaintiff's action to recover unpaid annuities, plaintiff may recover only annuities due and payable at the time of instituting action, and interest on the unpaid annuities from the date each was due, computing the time not from the date of the probate of the will and defendant's qualification as executor thereunder, but from the same date of the following year.

**4. Wills F f—Held: Annuity provided for in this will was not a charge on real or personal property of testator.**

Testator directed that his devisee, also named executor in the will, pay plaintiff a stipulated annuity so long as she should live, and that at her death a house and lot devised to plaintiff for life should be sold and the devisee reimbursed for the advancements out of the proceeds of sale. *Held:* The annuities are not a charge upon the property, real or personal, belonging to the estate, and in plaintiff's action to recover of the devisee unpaid annuities, judgment that the house and lot should be sold to pay annuities due and to become due, is error.

APPEAL by W. F. Ingram, as executor and personally, from *Stack, J.,* at September Term, 1934, of MONTGOMERY. Modified and affirmed.

This is an action to recover of the defendant W. F. Ingram, as executor of W. S. Ingram, deceased, and of the defendant W. F. Ingram, personally, certain sums of money now due the plaintiff on account of annuities provided for her by the last will and testament of her deceased husband, W. S. Ingram.

It is admitted in the pleadings in the action that W. S. Ingram died in Montgomery County, North Carolina, on 17 April, 1920, leaving a last will and testament, which was duly probated and recorded in the office of the clerk of the Superior Court of said county on 30 April, 1920. The provisions of said last will and testament pertinent to this action are as follows:

"Item 3. I will, bequeath and devise unto W. F. Ingram the A. C. Robinson land containing 435 acres, more or less, 250 acres including the old homestead with all buildings thereon, the land to be run out as W. F. Ingram may wish to include the building, to him and his heirs, the valuation to be fixed by three free-holders in the township."

"Item 4. I will bequeath unto my wife, L. A. Ingram, my house and lot in Mt. Gilead during her life, and my executor to pay her three hundred dollars per year during her life as a support for board and clothing, this amount to be paid by him, and after her death the house and lot to be sold and pay the executor his money and interest for the amount he has advanced and paid out for her board and support, and the balance of the money to be divided equally amounts to the five children here named: Mrs. J. B. Ingram, Mrs. Frank McAulay, Mrs. J. I. Crocker, E. J. Ingram and W. F. Ingram."

"Item 5. All my other lands to be sold also the mineral interest in 350 acres more or less known as the Sam Christian land. See deed from J. C. Christian and E. G. L. Barrings Est."

"Item 6. In making settlement I desire all my five children in this will shall share equally in all my property real and personal."

"Item 9. In consideration of advancement already made to my daughter, Mrs. J. A. McAulay, to-wit: a deed to five hundred acres of land, more or less, and my note for one thousand dollars all ready paid I hath not further bequeath to her any more of my estate except one hundred dollars to be paid her after the death of my wife by my executor from the sale of the homestead in Mt. Gilead."

"I hereby nominate and appoint my son, W. F. Ingram Executor and I hereby direct that before entering upon the discharge of his duty as executor he give bond in the sum sufficient to cover all my personal property to be adjudged by the Clerk of the Superior Court of Montgomery County, said bond to be conditional upon the faithful performance of his duty as Executor."

After the probate of said last will and testament, the defendant W. F. Ingram duly qualified as executor of W. S. Ingram, deceased, having first filed a bond in the sum of $20,000, as required by the testator, with the United States Fidelity and Guaranty Company as surety.

After the defendant W. F. Ingram qualified as executor of his father, W. S. Ingram, deceased, from year to year he paid to the plaintiff the sum of $300.00, as he was required to do by Item 4 of said last will and testament, each year, until and including the year 1929. He paid to her the sum of $25.00 on account of the annuity due her for the year 1930, and a like sum on account of the annuity due her for the year 1931, leaving a balance due her for each of said years of $275.00. He has failed to pay her any sum on the annuity for the year 1932, or for the year 1933.

This action was begun on 18 November, 1933, and was tried at September Term, 1934, of the Superior Court of Montgomery County.

In his answer the defendant W. F. Ingram alleges that after his execution of said last will and testament, and before his death on 17 April, 1920, to wit: on 31 March, 1920, the testator conveyed to C. B. Ingram a large part of the lot which he devised to the plaintiff in Item 4 of his last will and testament; that the deed for said part of said lot was not registered until after the death of the testator, to wit: on 20 September, 1920; and that at the time he qualified as executor of said last will and testament, the defendant did not know that his testator had conveyed a large part of said lot. He further alleges that by reason of this conveyance the part of said lot which will be subject to sale for the payment of the sums required to pay the annuities to the plaintiff will not be sufficient in value to reimburse him for the amounts which he is required by the will to advance for the support of the plaintiff during her life. He alleges that it will be inequitable to require him to continue to pay out of his own funds the annuities provided in the will for the plaintiff.

In further defense of plaintiff's recovery in this action the defendant alleges that on 30 March, 1930, defendant notified plaintiff that he would make no further payments to her on account of the said annuities, and that as more than three years had elapsed from said date until the commencement of this action, the same is barred by the three years statute of limitations. He pleads said statute in bar of plaintiff's recovery in this action.

When the action was called for trial, the plaintiff moved for judgment on the pleadings. The motion was allowed, and defendant excepted.

It was thereupon ordered, considered, and adjudged by the court that the plaintiff recover of the defendant W. F. Ingram, both as executor and personally, the following sums of money:

$275.00, with interest from 30 April, 1930.
  275.00, with interest from 30 April, 1931.
  300.00, with interest from 30 April, 1932.
  300.00, with interest from 30 April, 1933.
  300.00, with interest from 30 April, 1934.

It was further ordered and decreed by the court that "the said W. F. Ingram, executor of the last will and testament of W. S. Ingram, deceased, proceed forthwith to apply for leave of the clerk of the Superior Court to sell the personal estate, wherever situated and to be found, of the said W. S. Ingram, deceased, to make assets to pay this judgment in full, with interest, and if a sufficient amount of cash cannot be realized

out of the personal estate, then to proceed forthwith to apply for license to sell the real estate devised by the said W. S. Ingram, deceased, to all the devisees named in said last will and testament, or so much thereof as is necessary to pay this judgment in full, with interest as aforesaid; and to further make ample provision in the sale of said real estate and personal property for the payment in full of all future annuities as in said will provided, so long as the said plaintiff, Mrs. W. S. Ingram, shall live, and to this end the said defendant W. F. Ingram, both as executor and personally, is hereby ordered and directed to pay said reserve for future annuities into the office of the clerk of the Superior Court of said county, to be disbursed by said clerk in accordance with said will and this judgment."

It was further ordered and adjudged by the court that plaintiff recover of the defendant W. F. Ingram, both as executor and personally, the costs of the action.

The plaintiff submitted to a voluntary nonsuit as to the defendant United States Fidelity and Guaranty Company.

The defendant W. F. Ingram, both as executor and personally, appealed to the Supreme Court, assigning as error the allowance by the court of plaintiff's motion for judgment on the pleadings, and the judgment as signed by the court.

*Armstrong & Armstrong for plaintiff.*
*R. T. Poole for defendant.*

CONNOR, J. The facts alleged in the complaint in this action are sufficient to constitute a cause of action on which the plaintiff is entitled to recover of the defendant W. F. Ingram. These facts are admitted in the answer. For this reason the plaintiff was entitled to judgment on the pleadings, unless the allegations in the answer are sufficient to constitute a defense to the action. For the purposes of her motion, the plaintiff admitted the allegations of the answer. On her appeal to this Court she contends that the facts alleged in the answer are not sufficient to constitute a defense to her cause of action as alleged in her complaint, and admitted in defendant's answer. This contention is sustained.

The testator died on 17 April, 1920. His last will and testament was probated and recorded, and the defendant, as the executor named therein, qualified for the discharge of his duties on 30 April, 1920. The annuity for the first year after the death of the testator became due and payable to the plaintiff on 30 April, 1921. When the defendant paid this annuity, he had notice that the testator had conveyed by the deed which was recorded on 20 September, 1920, a large part of the lot of land which he had devised by his will to the plaintiff for her life, and which

he directed to be sold at her death, to reimburse the defendant for all amounts paid by him during her life for her support. With this knowledge, the defendant paid the annuity not only for the first year, but for each succeeding year until and including the year 1929. Having elected to assume the burden imposed upon him by the testator in his will, with full knowledge that by the provisions of the will he must look solely to the lot devised by the testator to the plaintiff for her life, as the only source from which he could hope for reimbursement, he cannot now be relieved of his burden because the testator had conveyed a part of the lot prior to his death by deed of which he had notice before he voluntarily assumed the burden. In *Elmore v. Byrd,* 180 N. C., 120, 104 S. E., 162, in which *Walker, J.,* discussed the principles on which the equity of election rest, it is said: "When one elected to take a benefit under the will, with burdens attached, he is bound although it turned out that the burden was greater than the benefit."

On the facts admitted in the pleadings, the three years statute of limitations cannot avail the defendant as a bar to plaintiff's recovery in this action. The will was probated and recorded, and the defendant qualified as executor of the testator on 30 April, 1920. The annuity for the year 1920 did not become due and payable until 30 April, 1921. This annuity, and the annuity for each succeeding year until and including the year 1929, has been paid by the defendant. He has not paid the annuity for the years 1930, 1931, and 1932, each of which was due at the commencement of this action. The annuity for each of these years became due and payable on 30 April of the succeeding year. Thus the annuity for the year 1930 was due and payable on 30 April, 1931, when plaintiff's cause of action to recover the amount due on said annuity accrued. This action was begun on 18 November, 1933, that is, within three years from the dates on which the causes of action for recovery on account of the annuities for the years 1930, 1931, and 1932 accrued.

The annuities for the years 1933 and 1934 were not due at the commencement of this action. For this reason, there is error in the judgment that plaintiff recover in this action the annuities for the years 1933 and 1934. There is also error in the judgment that plaintiff recover interest on the amounts due on the annuities for the years 1930, 1931, and 1932, prior to the dates on which said annuities were due.

In Item 4 of his will, the testator directed the executor to pay to the plaintiff the sum of three hundred dollars each year so long as she should live. He further directed that his executor should be reimbursed for the amounts which he should pay to the plaintiff by the sale of the house and lot devised to the plaintiff, at her death. The annuities are not charged upon the property, real or personal, owned by the testator at his death. There is error in so much of the judgment as orders and decrees that the

executor shall apply to the clerk of the court for leave to sell said property for the payment of the annuities now due or which shall hereafter become due to the plaintiff.

The plaintiff is entitled to judgment in this action that she recover of the defendant the amounts due at the commencement of the action on account of the annuities for the years 1930, 1931, and 1932, with interest from the dates on which said amounts were due, and the costs of the action. The judgment as modified in accordance with this opinion is

Affirmed.